IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                              No. CR S-08-0448 JAM

    vs.

MARIO RAYMOND ESPINOZA,

        Defendant.                         ORDER

_____/

        Defendant's request for bail review and pretrial release came on for hearing on October 23, 2009. Assistant United States Attorney William Wong appeared for the government; Michael Petrik, Assistant Federal Defender, appeared for defendant, who was present in custody. The matter was taken under submission at the close of hearing, and is hereby resolved.

I. <u>Background</u>

        Defendant was detained following his initial appearance in court on October 1, 2008, following his arrest on a charge of felon in possession of a firearm based on 18 U.S.C. § 922(g)(1), contained in an indictment filed September 25, 2008. <u>See</u> Detention Order filed October 1, 2008 (docket no. 5) <u>and</u> Corrected Detention Order filed October 6, 2008 (docket no.

7).[1]  The undersigned detained defendant based on flight risk and dangerousness, as supported at the time by the nature of the charge in the indictment; the lack of any information (in the absence of a pretrial services interview) regarding defendant's family ties, employment, financial resources and community ties; defendant's significant prior criminal record; an apparent failure to appear in state court at one point in 1996 (although the failure might have been due to incarceration); and his status with respect to separate state charges as having been released pending trial at the time of his arrest in this case.  See Corrected Detention Order.

On October 20, 2009, defendant filed a request for bail review, following the trial judge's granting of his motion to suppress on October 15, 2009.  At the October 23rd hearing on defendant's request, counsel for the government indicated he planned to file an appeal of the suppression order, and opposed release.

II. New Information Justifying Reopening

A detention hearing may be reopened if the party requesting reopening presents "new information." 18 U.S.C. § 3142(f) (hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community"); United States v. Flores, 856 F. Supp. 1400, 1405-07 (E.D. Cal. 1994).

The new information justifying the reopening of defendant's detention hearing in this case is the trial judge's granting of the motion to suppress, and the interview of defendant and family members that the court's Pretrial Services Officer now has been able to complete. That new information supports reopening the hearing, of course, is not determinative of the question as to whether conditions can be fashioned to reasonably assure the safety of any person

---

[1] The initial detention order inadvertently omitted a reference to the nature of the charge in this case.

other than the defendant and the community at large. In determining whether such conditions can be fashioned, given the present posture of this case, the court proceeds under 18 U.S.C. § 3142. See <u>United States v. Shareef</u>, 907 F. Supp. 1481, 1483 (D. Kan. 1995).

III. <u>Analysis</u>

The supplemental bail report prepared by the Pretrial Services Officer has confirmed defendant's personal history and family ties, including that defendant is welcome to reside with his elderly father in Copperopolis, California. If released to his father's home, defendant anticipates acting as a caretaker for the home and for a rental property the father plans to purchase in the near future. The report confirms the father is willing to post all available equity in his home, currently estimated in excess of $200,000, to secure defendant's release. The report also provides information on defendant's spotty employment history, and his personal financial circumstances, which are not good. Significantly, the report notes defendant's self-reporting of his alcoholism, his completion of an education-based substance abuse program while in custody in this case, and his indicating he would benefit from a social and psychological treatment program. Defendant would prefer any such program be offered on an outpatient basis. Defendant also indicates he would willingly submit to random drug testing, which the court understands to include testing for alcohol consumption as well.

Given this information, concerns regarding defendant's future nonappearance for court proceedings can be overcome by requiring the father's co-signing with defendant of a bond to secure his release. Given the current posture of the case, and the discussion Pretrial Services has had with defendant's father, the court determines that an unsecured bond in the amount of $200,000 is sufficient to address flight risk considerations.

The remaining concerns with respect to dangerous that defendant must overcome at this point, in addition to his admitted alcoholism, are the nature of the charge in the indictment, taken in light of the granting of the motion to suppress; his significant prior criminal record, including one failure to appear in the last thirty-eight years; and his pretrial release status

at the time of his arrest here, which now means he is facing a $50,000 bench warrant out of the state court where he has a felony DUI pending.

Given the trial judge's granting of the motion to suppress, unless that order is reversed on appeal, there is insufficient evidence to proceed to trial against defendant on the charge in the indictment.  Cf. Shareef, 907 F. Supp. at 1485 (noting granting of suppression motion made admissibility of evidence against defendant "questionable"); but compare United States v. Cos, 198 Fed. Appx. 727 (10th Cir. 2006) (downplaying granting of motion to suppress in light of 18 U.S.C. § 3142(f), providing that "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information" at a detention hearing, and noting that gun evidence suppressed remained "available as possible evidence"). Given that the court's initial detention order was not based on the weight of the evidence, but rather on the nature of the charge and the legal implications of the charge with respect to flight risk and danger, the change in circumstances wrought by the granting of the motion to suppress raises a question about the continuing reliance on the nature of the charge itself.  Under these circumstances, the court finds that a condition requiring written proof of divestment of firearms could ameliorate dangerousness concerns, if a combination of other conditions can overcome remaining concerns.

With respect to defendant's prior record, permeated by repeated DUIs, the court finds defendant's now-admitted alcoholism to be a contributing factor to that record at least. Nothing in the record suggests that, prior to his time in custody on the instant charge, defendant has participated in any structured treatment program to address his alcoholism.  Again given the current circumstances of this case, the court finds that a condition requiring defendant's participation in an inpatient treatment program could, as one of a combination of conditions, mitigate the public safety concerns posed by defendant's release.  Additional conditions to further satisfy public safety considerations would need to include: a requirement that defendant refrain from driving entirely; that he be escorted to and from the inpatient treatment program,

leaving that program only as required in connection with this case; and that he not be released generally from inpatient treatment unless or until he successfully completes the program, and then only following a status hearing to review his progress at which the court could determine if a modification to conditions of release, allowing defendant to be released to reside with his father and participate in an outpatient program at that time would be appropriate.

Regarding the state warrant issued in defendant's pending state felony case, defense counsel has represented that this warrant will be able to be cleared if defendant ultimately is released. The court thus understands that a release of defendant to inpatient treatment will not be impeded by an arrest and return to state custody.

Based on the above analysis, the court has requested special conditions of release from its Pretrial Services Agency. Those special conditions are attached and made a part of this order. The court hereby finds that these conditions, in addition to the standard conditions of release imposed in this district, overcome the prior findings of flight risk and dangerousness and will reasonably assure defendant's appearance at future court proceedings and the safety of the community.

Based on the foregoing, and good cause showing, IT IS HEREBY ORDERED:

1. Defendant shall be released to the court's Pretrial Services Agency on Wednesday, October 28, 2009 at 8:30 a.m. Following defendant's meeting with his Pretrial Services Officer, Pretrial Services shall arrange for defendant to be escorted to the inpatient treatment program it has identified for defendant.

2. Prior to his release, defendant shall co-sign with his father, an unsecured bond in the amount of $200,000.

/////
/////
/////

1       3.  In addition, all of the conditions set forth in the attached Special Conditions of
Release, to the extent not covered above, are imposed.

DATED:   October 27, 2009.

_____
U.S. MAGISTRATE JUDGE

navarro.release